IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CASE NO.: 15-cv-****

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>TRIANGLE GRADING & PAVING, INC., )<br>            )<br>    Plaintiff,    )<br>            )<br>  v.        )<br>            )<br>UNIVERSAL CONSTRUCTION COMPANY, )<br>INC. d/b/a TURNER UNIVERSAL d/b/a )<br>TURNER CONSTRUCTION COMPANY, )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA, FIDELITY AND )<br>DEPOSIT COMPANY OF MARYLAND, )<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, THE CONTINENTAL )<br>INSURANCE COMPANY, and )<br>FEDERAL INSURANCE COMPANY, )<br>            )<br>    Defendants.    )<br>_____)| **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, United States of America for the use and benefit of Triangle Grading & Paving, Inc. (hereinafter "Triangle"), complaining of the acts of the Defendants, Universal Construction Company, Inc., Travelers Casualty and Surety Company of America, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, The Continental Insurance Company, and Federal Insurance Company, alleges and states that:

**PARTIES AND SERVICE**

1.  Triangle is a corporation duly organized and existing under the laws of the State of North Carolina, with its principal office and place of business located at 1521 South Huffman Mill Road, Burlington, North Carolina, in Alamance County, North Carolina.

2.  Triangle is informed, believes, and therefore alleges that Universal Construction Company, Inc. d/b/a Turner Universal d/b/a Turner Construction Company (hereinafter "Universal") is a corporation duly organized and existing under the laws of the State of Delaware with its principal office and place of business located at 375 Hudson Street, 6th Floor, New York, New York. For all times material to

this action, Universal has been engaged in the general contracting/building business in the state of North Carolina.   Universal may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina.

       3.       Triangle is informed, believes, and therefore alleges that Travelers Casualty and Surety Company of America (hereinafter "Travelers") is a corporation duly organized and existing under the laws of the State of Connecticut with its principal office and place of business located at One Tower Square, Hartford, Connecticut.   For all times material to this action, Travelers has been engaged in the surety business insofar as underwriting and issuing construction surety bonds for general contractors such as Universal.   Travelers may be served with process through the North Carolina Commissioner of Insurance, 1201 Mail Service Center, Raleigh, North Carolina.

       4.       Triangle is informed, believes, and therefore alleges that Fidelity and Deposit Company of Maryland (hereinafter "F&D") is a corporation duly organized and existing under the laws of the State of Maryland with its principal office and place of business located at 1400 American Lane, Schaumburg, Illinois.   For all times material to this action, F&D has been engaged in the surety business insofar as underwriting and issuing construction surety bonds for general contractors such as Universal.   F&D may be served with process through the North Carolina Commissioner of Insurance, 1201 Mail Service Center, Raleigh, North Carolina.

       5.       Triangle is informed, believes, and therefore alleges that Zurich American Insurance Company (hereinafter "Zurich") is a corporation duly organized and existing under the laws of the State of New York with its principal office and place of business located at 1400 American Lane, Schaumburg, Illinois.   For all times material to this action, Zurich has been engaged in the surety business insofar as underwriting and issuing construction surety bonds for general contractors such as Universal.   Zurich may be served with process through the North Carolina Commissioner of Insurance, 1201 Mail Service Center, Raleigh, North Carolina.

6. Triangle is informed, believes, and therefore alleges that The Continental Insurance Company (hereinafter "Continental") is a corporation duly organized and existing under the laws of the State of Pennsylvania with its principal office and place of business located at 333 South Wabash Avenue, Chicago, Illinois. For all times material to this action, Continental has been engaged in the surety business insofar as underwriting and issuing construction surety bonds for general contractors such as Universal. Continental may be served with process through the North Carolina Commissioner of Insurance, 1201 Mail Service Center, Raleigh, North Carolina.

7. Triangle is informed, believes, and therefore alleges that Federal Insurance Company (hereinafter "Federal") is a corporation duly organized and existing under the laws of the State of Indiana with its principal office and place of business located at 15 Mountain View Road, Warren, New Jersey. For all times material to this action, Federal has been engaged in the surety business insofar as underwriting and issuing construction surety bonds for general contractors such as Universal. Federal may be served with process through the North Carolina Commissioner of Insurance, 1201 Mail Service Center, Raleigh, North Carolina.

8. Travelers, F&D, Zurich, Continental, and Federal shall be hereinafter referred to jointly as, "the Sureties."

**JURISDICTION AND VENUE**

9. Jurisdiction of this case is based upon 28 U.S.C. § 1331. This action arises, in part, under 40 U.S.C. § 3131, *et seq*. ("the Miller Act").

10. Venue is proper at the Eastern District of North Carolina pursuant to 40 U.S.C. § 3133(b)(3)(B) since the work was performed in the Eastern District of North Carolina.

**FACTS**

11. On or about June 29, 2011, Universal entered into a prime contract with the Naval Facilities Engineering Command, Mid-Atlantic (hereinafter "NAVFAC"), to construct P1034 and 1240 2nd

Intel/Anglico Battalion Complexes located on the Marine Corps Base at Camp LeJeune, North Carolina, which is in the Eastern District of North Carolina (hereinafter "the Project"). The contract number for the Project is N40085-11-C-4000.

12. Triangle is informed, believes, and therefore alleges that subsequent to the Navy's award of the prime contract to Universal, Universal entered into a subcontract with Palmetto Civil Group, LLC (hereinafter "Palmetto") for Palmetto to complete the site development work for the Project.

13. Triangle and Palmetto, a certified Disadvantaged Business Enterprise, entered into a Mentor/Protégé Agreement in accordance with the guidelines set out by the U.S. Small Business Association's Mentor/Protégé Program established pursuant to 13 CFR § 124.520. The Mentor/Protégé Agreement provided that Triangle would provide Palmetto with management, technical, financial, business development, contracting, and general assistance, specifically with regard to the Project. The purpose of the Mentor/Protégé Agreement was to assist Palmetto in developing its business and ability to successfully compete for contracts.

14. After execution of the Mentor/Protégé Agreement, Palmetto and Triangle entered into another agreement outlining each company's respective responsibilities with regard to the Project, in conjunction with the Mentor/Protégé Agreement, setting out how incoming project funds would be handled, and confirming that Triangle would perform the majority of the site work for the Project, including the grading, storm drain, water and sewer, concrete work, and paving.

15. From July 2012 through November 2014, Triangle performed work on the Project pursuant to the terms of Triangle's agreements with Palmetto, and in conformance with the plans and specifications for the Project.

16. During the course of Triangle's work on the Project, Universal failed to make timely payments to Palmetto and Triangle, failed to properly manage the Project, caused delays that impacted Triangle's work, failed and/or refused to properly consider and grant time extensions, and failed and/or

refused to properly consider and execute change orders for additional work outside the scope of the Palmetto/Universal subcontract and, thus, outside the scope of Triangle's work.

17. Upon information and belief, Universal was continuously paid for Triangle's work even though Universal failed to pass on said payments to Palmetto and Triangle for such work as required by the Universal/Palmetto subcontract and applicable law.

## FIRST CLAIM FOR RELIEF
### ("Miller Act" Payment Bond Claim against Universal and the Sureties)

18. Triangle incorporates herein each and every allegation contained in this Complaint as if set forth in full hereunder.

19. Universal, as the prime contractor on the Project, was required to furnish a payment bond pursuant to 40 U.S.C. § 3131(b)(2) and did furnish a payment bond for the purpose of protecting persons supplying labor and materials in the prosecution of the work on the Project such as Triangle. On or about July 6, 2011, Universal, as principal, and the Sureties jointly issued and posted such payment bond with NAVFAC pursuant to 40 U.S.C. § 3131(b)(2).

20. On or about February 23, 2015, Triangle provided Universal notice of its claim for payment by facsimile and Federal Express delivery which was received by Universal and/or its authorized representatives on or about February 23, 2015. Such notice included a demand for payment in the principal amount of $4,481,458.30, along with $48,806.65 in accrued interest, and was received within ninety (90) days of Triangle's last work on the Project.

21. All other conditions precedent to the filing of this lawsuit have been fulfilled or have occurred.

22. This action has been commenced within one year of Triangle's last work on the Project.

23. Pursuant to 40 U.S.C. § 3133(b)(3)(A), this action is being instituted and presented against Universal and the sureties in the name of the United States of America for all sums justly due Triangle at the time of the filing of this action or that may become due Triangle during the pendency of this action.

24. As a result of the work Triangle furnished the Project for which it remains unpaid, and in accordance with the Miller Act, and applicable State and Federal Acquisition Regulations and Laws, Universal and the Sureties are jointly and severally obligated to Triangle in an amount not less than $4,481,458.30, with accrued interest and penalties from the date such payment became due, and for all other sums justly due to Triangle as allowed by law.

## SECOND CLAIM FOR RELIEF
(Violations of Prompt Payment Requirements against Universal)

25. Triangle incorporates by reference each and every allegation contained in this Complaint.

26. Upon information and belief, Universal has been paid by NAVFAC for some or all of Triangle's completed work for which Universal has failed and refused to pay Palmetto and Triangle.

27. Upon information and belief, Universal's failure and refusal to timely pass on payments after having received payment from NAVFAC for Triangle's work within the time frames prescribed by N.C.G.S. §22C *et seq.* and 39 U.S.C. §3901 *et seq.* and other applicable prompt payment regulations and laws has been willful and/or intentional.

28. Universal's violations of these applicable State and Federal Prompt Payment laws have damaged Triangle in the amount that Universal has owed Palmetto and Triangle for Triangle's work, plus accrued interest on said amount as prescribed by applicable law.

As a result of Universal's repeated and continued failures to remit periodic payments in a prompt and reasonable manner as and when they received payments for Triangle's work from NAVFAC, they have become indebted to Triangle in an amount in excess of $10,000.00, plus accrued interest and penalties on these as well as all other late periodic payments made to Palmetto and Triangle as prescribed in the

Universal/Palmetto subcontract, the prime contract, the applicable Federal Acquisition Regulations, and N.C.G.S. § 22C-5.

**WHEREFORE**, Triangle prays this Court that it be allowed a recovery or otherwise granted relief against Defendants as follows:

A. **Under its First Claim for Relief,** a judgment against Universal and the Sureties, jointly and severally, in an amount not less than $4,481,458.30, with pre- and post-judgment interest thereon at the highest rate allowed by law, and for all other sums justly due to Triangle.

B. **Under its Second Claim for Relief,** a judgment against Universal in an amount in excess of $10,000.00, with interest thereon at the applicable legal rate pursuant to applicable Federal Acquisition Regulations and N.C.G.S. § 22C-5 from the date of breach until paid.

C. That Triangle have a trial by jury as to all issues so triable.

D. That Triangle recover its reasonable attorneys' fees pursuant to the parties' subcontract and other applicable law.

E. That the costs of this action be taxed against the Defendants, jointly and severally.

F. That Triangle be granted such other and further relief as this Court may deem just and proper.

This the 27th Day of March 2015.

/s/ William R. Sparrow
William R. Sparrow
N.C. Bar No.: 34223
BUGG & WOLF, P.A.
P.O. Box 2917
Durham, NC 27715
(919) 383-9431
sparrow@buggwolf.com
Attorneys for Triangle Grading & Paving, Inc.

\\BWSERVER1\DATA\WP\TRIANGLE\TURNER\PLEADINGS\DRAFTS\COMPLAINT.DOCX